JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BUENO, et al., Plaintiffs, v. CHARLES SCHWAB & CO., INC., Defendant. | Case No. 2:25-cv-07292-FLA (Ex) **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 21] AND DENYING DEFENDANT'S MOTION TO CONSOLIDATE CASES [DKT. 26] AS MOOT** |

## RULING

Before the court is Plaintiffs Elizabeth L. Bueno ("Bueno") and Abraham Atachbarian's ("Atachbarian") (collectively, "Plaintiffs") Motion to Remand ("Motion"). Dkt. 21 ("Mot.").[1] Defendant Charles Schwab & Co. Inc. ("Defendant") opposes the motion. Dkt. 25 ("Opp'n").

On October 15, 2025, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for October 17, 2025. Dkt. 27; *see*

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated below, the court GRANTS the Motion and REMANDS the action to the Los Angeles County Superior Court. Defendant's Motion to Enforce Consolidation Order and Consolidate Cases (Dkt. 26) is DENIED as moot.

**BACKGROUND**

On March 11, 2025, Bueno filed a class action complaint in the Los Angeles Superior County, Case No. 25STCV07281, asserting six causes of action for: (1) breach of fiduciary duty; (2) unjust enrichment; (3) breach of contract; (4) negligence; (5) violation of California's Unfair Competition Law ("UCL") (Bus. & Prof. Code § 17200, et seq.); and (6) elder care financial abuse. Dkt. 1-2. On March 14, 2025, Atachbarian filed a class action complaint in the Los Angeles Superior County, Case No. 25STCV07480, asserting the same six causes of action. Dkt. 1-1.[2] Defendant removed both actions to this court on April 4, 2025, as *Elizabeth L. Bueno v. Charles Schwab & Co., Inc.*, Case No. 2:25-cv-02988-FLA (Ex) ("*Bueno I* Action"), and *Abraham Atachbarian v. Charles Schwab & Co., Inc.*, Case No. 2:25-cv-02987-FLA (Ex) ("*Atachbarian* Action") (collectively, the "Preceding Actions"). On May 2, 2025, Plaintiffs voluntarily dismissed their respective actions without prejudice. Dkts. 1-3, 1-4; *Atachbarian* Action, Dkt. 12; *Bueno I* Action, Dkt. 12.

On June 30, 2025, Plaintiffs filed the operative class action Complaint ("Complaint") in the Los Angeles County Superior Court, Case No. 25STCV18960, alleging Defendant engaged in deceptive acts in connection with "cash sweep" programs Defendant offers to its brokerage customers. Dkt. 1-5 at 2–45 ("Compl."). A "cash sweep program involves a brokerage firm moving uninvested cash from a

---

[2] Atachbarian previously filed a class action against Defendant in the Southern District of New York on December 6, 2024, *Atachbarian v. The Charles Schwab Corp.*, Case No. 1:24-cv-09316-DEH (HJRx), asserting many of the same claims based on the same conduct as Plaintiffs allege here. Dkt. 1-15. Atachbarian voluntarily dismissed this action without prejudice on February 19, 2025. Dkt. 1-16.

customer's sweep account into an interest-bearing account … to earn interest for the customer." *Id.* ¶ 6. Plaintiffs bring this putative class action, asserting six causes of actions for: (1) breach of fiduciary duty; (2) unjust enrichment; (3) breach of contract; (4) violation of the UCL (Bus. & Prof. Code § 17200, et seq.); (5) fraudulent inducement; and (6) elder care financial abuse. *Id.* ¶¶ 97–153.

On August 6, 2025, Defendant removed the subject action asserting this court has federal question and diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), based on allegations set forth in the Preceding Actions. Dkt. 1 ("NOR") at 10–26. Additionally, Defendant asserts federal question jurisdiction over Count III in the Complaint. *Id.*

## DISCUSSION

### I. Legal Standard

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A suit may be removed from state court to federal court if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a).

CAFA provides federal district courts with original jurisdiction "over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). CAFA's diversity requirement of minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

"The party seeking the federal forum bears the burden of establishing that the statutory requirements of federal jurisdiction have been met." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013); *see also Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."). When evaluating whether there is jurisdiction, courts may consider summary judgment-type evidence, such as affidavits and declarations. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

Importantly, there is no presumption against removal under CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."). In fact, the Supreme Court quoted Congress's intention for CAFA's provisions to be construed "broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (quoting S. Rep. No. 109-14, 43 (2005)).

## II. Analysis

### A. Operative Complaint and CAFA Jurisdiction

The artful pleading doctrine is a corollary to the well-pleaded complaint rule, which provides that "[a] plaintiff cannot defeat removal by masking or 'artfully pleading' a federal claim as a state claim." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). "The artful pleading doctrine allows courts to 'delve

beyond the face of the state court complaint and find federal question jurisdiction' by 'recharacteriz[ing] a plaintiff's state-law claim as a federal claim.'" *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (alteration in original). Courts use the artful pleading doctrine "only in limited circumstances," such as complete preemption cases and substantial federal question cases. *Id.* at 1041–42. The second category of cases includes those where: (1) a substantial, disputed question of federal law is a necessary element of the well-pleaded state claim or the claim is an "inherently federal claim" articulated in state-law terms, or (2) the right to relief depends on the resolution of a substantial, disputed federal question. *Id.*

Defendant contends the complaints in the Preceding Actions satisfy CAFA and federal question jurisdiction, and urges the court to treat the preceding complaints as the operative complaint. NOR at 10–23; Opp'n at 22–29. In particular, Defendant argues Plaintiffs dismissed the Preceding Actions and artfully pleaded the Complaint, including by changing the proposed class and subclass definition from "California residents" in the preceding complaints to "California citizens" in the Complaint, in an improper attempt to avoid federal jurisdiction. NOR at 8–23; Opp'n. at 22–27. Plaintiffs respond that because the preceding complaints were voluntarily dismissed without prejudice under Fed. R. Civ. P. 41(a)(1), they have no effect on whether CAFA or federal question jurisdiction exists over the Complaint. *See* Mot. at 14–21, 24–32. The court agrees with Plaintiffs.

Plaintiffs are the masters of their complaint and free to limit their proposed class and subclass from "California residents" to "California citizens." *See The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). Although the Supreme Court has recognized a manipulation exception to this rule in *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981), the artful-pleading doctrine is exceedingly limited and typically focuses on whether a plaintiff has dressed a federal claim in state attire. *See Lippitt*, 340 F.3d at 1041 (characterizing "the artful pleading doctrine [as] a useful procedural sieve to detect traces of federal subject matter jurisdiction"). The Ninth

Circuit has declined to extend the doctrine broadly to CAFA jurisdiction. *Cf. Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 955–56 (9th Cir. 2009) (rejecting "the general proposition that plaintiffs' lawyers cannot 'game' the system by artificially structuring their suits so as to avoid CAFA jurisdiction" in the context of CAFA's "mass action" provisions).

As Plaintiffs, Defendant, and the proposed class and subclass are all California citizens, minimal diversity is absent in this case. 28 U.S.C. § 1332(d)(2)(A). Defendant urges this court to look past this fatal defect and rely instead on Plaintiffs' proposed classes of "California residents" in the preceding complaints, to prevent Plaintiffs from evading CAFA jurisdiction through artful pleading. NOR at 5–10; Opp'n at 14–29. The textual requirement of minimal diversity, however, is clear. As relevant here, Congress extended federal jurisdiction to "any civil action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In the civil action at issue, there is no CAFA jurisdiction because all parties are California citizens. *Id.*; *see Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013) (noting that a plaintiff can avoid CAFA jurisdiction by "limit[ing]the class by defining it to consist only of California citizens"); *see Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (noting that state courts "enjoy concurrent jurisdiction over [CAFA] actions").

Accordingly, the preceding complaints have no bearing on the current action and the Complaint is the operative pleading for assessing jurisdiction on Plaintiffs' Motion. Because all parties in the Complaint are citizens of California, the requisite minimal diversity is absent, and the court lacks jurisdiction under CAFA.

**B. Federal Question Jurisdiction**

A case arises under federal law for 28 U.S.C. § 1331 purposes where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690

(2006); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'") (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). In other words, for this court to have subject matter jurisdiction over Plaintiffs' Complaint, Plaintiffs must have alleged a federal question on the face of the properly pleaded complaint, meaning the Complaint must allege federal question jurisdiction in its factual allegations. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."). Federal question jurisdiction applies where a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Here, Defendant contends Count III of the Complaint, the breach of contract claim, arises under federal law. NOR at 24–25. The Complaint rests its contract claim on Defendant's Cash Features Disclosure Statement, which sets out the terms of the challenged cash-sweep program. Compl. ¶¶ 58–69. Specifically, the Complaint states that the "'[r]etirement and other benefit plan accounts will be paid a reasonable rate consistent with applicable legal and regulatory requirements'" and that the Cash Features Disclosure Statement provides that it "'should be interpreted to be consistent and in compliance with' Sections 408 and 4975 of the Internal Revenue Code.'" Compl. ¶ 65 (emphasis removed). Defendant contends the "adjudication of Plaintiffs' claim that [Defendant] failed to pay reasonable rates 'consistent with applicable legal and regulatory requirements' necessarily requires an adjudication of whether [Defendant] complied with federal law, including the Internal Revenue Code and implementing federal regulations." NOR at 25. Defendant argues the "legal and regulatory requirements" that govern the "reasonable rate" are found in the Internal

Revenue Code at 26 U.S.C. § 4975 and its implementing regulation, 26 C.F.R. § 54.4975-6(b), and as a result, the Plaintiffs' reference to this federal law gives rise to a federal question. Opp'n at 16.

Plaintiffs respond that the Internal Revenue Code provisions cited in the Complaint are solely tax laws and do not define a "reasonable rate" of interest. Mot. at 27. Furthermore, Plaintiffs contend the federal laws cited in the Complaint do not provide for a private right of action. *Id.* Plaintiffs argue the mere incorporation of a federal law into a contract does not automatically raise a federal issue, and federal law is not necessary to determine whether Defendant breached its contract with Plaintiffs. *Id.* at 28.

Considering the strong presumption against removal jurisdiction, Plaintiffs may strategically avoid federal jurisdiction where they are otherwise entitled to do so. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).[3] Indeed, "the plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'" *Id.* (quoting *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000)). When "a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (quoting *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)); *see also Ricano v. Aurora Loan Servicing*, Case No. 2:09-cv-01989-SJO (AGRx), 2009 WL 1096042, at *2 (C.D. Cal. April 22, 2009) (federal jurisdiction does not attach where state law claim for predatory lending could be supported by "alternative and independent" state law theories).

---

[3] Under the "artful pleading doctrine," however, a plaintiff is not entitled to avoid federal jurisdiction simply "by omitting to plead necessary federal questions in a complaint." *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010) (internal quotation marks omitted).

While Count III references the Internal Revenue Service code, Plaintiff did not bring a federal claim under that code. Indeed, 26 U.S.C. § 4975 does not provide for a private right of action for alleged violations of the federal reasonable-rate requirement. *See* 26 U.S.C. § 4975. Plaintiffs chose not to bring any claims under federal law. A state law claim may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow*, 478 U.S. at 808. Plaintiffs' claims, however, arise under California statutory and common law. A plaintiff can avoid removal if a state-law theory of relief exists for each of its causes of action. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996) ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper."). Federal law is not a necessary element of these state law claims.

The first element of *Grable* is not satisfied. Defendant cannot establish federal question jurisdiction through reliance on references in the Complaint to compliance with "applicable legal and regulatory requirements" and the Internal Revenue Service code. "[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997); *see Merrell Dow*, 478 U.S. at 813 ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

The substantiality element of *Grable* is also not met. Defendant argues the federal interest in the issues is substantial because Plaintiffs' breach of contract claim is premised on the nature of 26 U.S.C. § 4975's "reasonable rate requirement and whether it is enforceable through a common-law breach-of-contract claim." Opp'n at 19–20. Substantiality in the removal context assesses "the importance of the issue to the federal system as a whole," not just the importance of the issue to the parties. *Gunn v. Minton*, 568 U.S. 251, 260 (2013). A removing party therefore must

establish that the federal issues in a case reach beyond the parties and the facts of the case. *Compare Grable*, 545 U.S. at 315 (holding that a complaint raised a substantial federal issue where "the meaning of [a] federal statute [was] actually in dispute" and that meaning was important to the Internal Revenue Service) *with Gunn*, 568 U.S. at 263-64 (holding that the federal patent issues necessarily raised by the plaintiff's malpractice claim were not substantial because "the result would be limited to the parties and patents that had been before the state court"). While the issues that may arise in this case certainly will be important to the parties, they are not important to the federal system as a whole. Thus, Defendant has failed to establish that Plaintiffs' claims raise substantial federal issues.

Because Defendant has failed to satisfy at least two of the required elements of the *Grable* test, the court lacks federal question jurisdiction.

## CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's Motion (Dkt. 21), and REMANDS this action to the Los Angeles County Superior Court, Case No. 25STCV18960. Defendant's Motion to Enforce Consolidation Order and Consolidate Cases (Dkt. 26) is DENIED as moot. The clerk of court shall administratively close the case.

IT IS SO ORDERED.

Dated: September 29, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge